UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENVIRONMENTAL DEMOCRACY PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>GREEN SAGE MANAGEMENT, LLC,<br><br>Defendant. | Case No. 22-cv-03970-JST<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: ECF No. 8 |

Before the Court is Plaintiff Environmental Democracy Project's motion for a temporary restraining order against Defendant Green Sage Management, LLC. ECF No. 8. The Court will deny the motion.

"The Court applies a familiar four-factor test on both a motion for a temporary restraining order and a motion for a preliminary injunction." *E. Bay Sanctuary Covenant v. Trump*, 349 F. Supp. 3d 838, 854-55 (N.D. Cal. 2018), *aff'd*, 950 F.3d 1242 (9th Cir. 2020), and *aff'd*, 950 F.3d 1242 (9th Cir. 2020). A plaintiff seeking either remedy "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

To grant preliminary injunctive relief, a court must find that "a certain threshold showing [has been] made on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam). Assuming that this threshold has been met, "'serious questions going to the merits' and a

balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Pursuant to Federal Rule of Civil Procedure 65(a)(1), a court "may issue a preliminary injunction only on notice to the adverse party." While the Court has the power to issue an ex parte TRO, the movant must show "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and certify the "efforts made to give notice and the reasons why it should not be required." *Henry Schein, Inc. v. Cook*, 191 F. Supp. 3d 1072, 1076 (N.D. Cal. 2016) (quoting Fed. R. Civ. P. 65(b)(1)). Because the concept of reasonable notice and an opportunity to be heard is so fundamental to our jurisprudence, "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). As a general matter, such cases consist of those in which "notice to the defendant would render fruitless the further prosecution of the action." *Id.* (quoting *Am. Can Co. v. Manukhani*, 742 F.2d 314, 322 (7th Cir. 1984)).

Plaintiff has not made this showing. First, Plaintiff failed to give adequate notice of its TRO application to Defendant. Plaintiff's attorney's declaration stating that he provided notice by sending two emails to an attorney who represented Defendant in a different proceeding does not constitute adequate notice. *See* Civil L.R. 65–1(a) ("A motion for temporary restraining order must be accompanied by . . . [a] declaration by counsel certifying that notice has been provided to the opposing party, or explaining why such notice could not be provided"); *see also* Civil L.R. 5-1(g)(2) ("When service of a document, other than a complaint or third-party complaint, is required to be made upon a person who is not a registered ECF user in that case, a paper copy of the document shall be served on the person.").

Second, Plaintiff fails to establish "immediate and irreparable injury, loss, or damage" before Defendant can be heard in opposition. Fed. R. Civ. P. 65(b)(1). The motion alleges that Defendant operates diesel-fired generator that do not comply with the Clean Air Act and "injures

2

1  Plaintiff's members by exposing them to cancer-causing and other hazardous chemicals[.]" ECF
2  No. 8-1 at 6.  According to the complaint, these generators have been in operation since July 2020,
3  *id.* at 2, but "Plaintiff offers no explanation for [its] delay of over two years" in seeking relief.
4  *Osborno v. Fong*, No. C 11-0302 SBA, 2011 WL 250364, at *3 (N.D. Cal. Jan. 26, 2011).
5  "Parties facing the threat of immediate and irreparable harm generally seek a temporary
6  restraining order as quickly as possible."  *Lee v. Haj*, No. 1:16-CV-00008-DAD (SAB), 2016 WL
7  8738428, at *2 (E.D. Cal. Feb. 22, 2016).  "A plaintiff's delay in seeking relief weighs against
8  granting a TRO[.]"  *Perez v. City of Petaluma*, No. 21-CV-06190-JST, 2021 WL 3934327, at *1
9  (N.D. Cal. Aug. 13, 2021).

10  Because the Court finds that Plaintiff has not clearly shown that immediate and irreparable
11  injury, loss, or damage will result before Defendant can be heard in opposition, the motion for a
12  temporary restraining order is denied.  The Court *sua sponte* converts the motion to one for a
13  preliminary injunction.  *See JW Gaming Dev., LLC v. James*, No. 3:18-CV-02669-WHO, 2021
14  WL 2531087, at *1 (N.D. Cal. June 21, 2021); *Multiquip Inc. v. Water Mgmt. Sys. LLC*, No. CV
15  08-403-S-EJL, 2009 WL 1469003, at *5 (D. Idaho May 22, 2009).

16  Plaintiff must file a proof of service of the complaint, Plaintiff's moving papers, and this
17  order by July 18, 2022.  Defendant's opposition is due August 3, 2022, and Plaintiff's reply brief
18  is due August 10, 2022.  The Court will conduct a hearing on the motion on August 25, 2022 at
19  9:30 a.m.

20  **IT IS SO ORDERED.**

21  Dated: July 13, 2022

                                                                                        _____
                                                                                        JON S. TIGAR
                                                                                        United States District Judge