1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ENVIRONMENTAL DEMOCRACY
PROJECT,

             Plaintiff,

    v.

GREEN SAGE MANAGEMENT, LLC,

             Defendant.

Case No. 22-cv-03970-JST

**ORDER**

Earlier today, an administrative employee of Defendant's counsel's law firm sent the

following email to the Courtroom Deputy:

> Hi Mauriona,
>
> Can you help confirm if Green Sage Management had a response
> due yesterday, August 3, 2022.  We are having difficulty
> interpreting the last sentence of Judge Tigar's order denying
> plaintiff's TRO.  It states:
>
> *"Plaintiff must file a proof of service of the complaint, Plaintiff's
> moving papers, and this order by July 18, 2022.  Defendant's
> opposition is due August 3, 2022, and Plaintiff's reply brief is due
> August 10, 2022.  The Court will conduct a hearing on the motion
> on August 25, 2022 at 9:30 a.m."*
>
> Does this sentence require Plaintiff to file and serve new moving
> papers for the motion for TRO the Judge converted to a motion for
> preliminary injunction by the order?  Or does it require Plaintiff to
> just serve the moving papers for the original motion for TRO?
>
> Thank you for your assistance on this matter.

The Court is prohibited from receiving *ex parte* communications.  An *ex parte*

communication occurs when someone communicates with the court, orally or in writing, either

without notice to or without the presence of the other party or parties.  Canon 3(A)(4) of the Code of Conduct for United States Judges provides that, except in circumstances not present here, "a judge should not initiate, permit, or consider *ex parte* communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers."

Additionally, Civil Local Rule 11-4(c) provides:

> Except as otherwise provided by law, these Local Rules or otherwise ordered by the Court, an attorney or party to an action must refrain from making telephone calls or writing letters or sending copies of communications between counsel to the assigned Judge or the Judge's law clerks or otherwise communicating with a Judge or the Judge's staff regarding a pending matter, without prior notice to opposing counsel.

Ordinarily, the Court would not respond to an *ex parte* communication other than to notify the parties that it had occurred.  In this instance, however, the Court responds as follows:  The Court's prior order required Plaintiff to serve only the moving papers for the original motion for TRO and not to file new motion papers.  (Plaintiffs appear to have complied with this requirement. ECF No. 15.)  Defendant's opposition was due August 3, 2022.

The parties are admonished to comply with the Local Rules in their future interactions with the Court.

**IT IS SO ORDERED.**

Dated:  August 4, 2022

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

2